IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DISPLAY TECHNOLOGIES, LLC, § § Plaintiff, § § vs. § § MOBSTAC, INC., § § Defendant. § § | Case No: PATENT CASE |

## COMPLAINT

Plaintiff Display Technologies, LLC ("Plaintiff" or "Display") files this Complaint against Mobstac, Inc. ("Defendant" or "Mobstac") for infringement of United States Patent No. 9,300,723 (the " '723 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with a place of business at 1801 NE 123rd Street, Suite 314, North Miami, FL 33161.

4. On information and belief, Defendant is a Delaware corporation with a place of business at 450 Lexington Avenue, 4th Floor, New York, NY 10017. On information and belief, Defendant may be served through its registered agent, Vcorp Services, LLC, 1013 Centre Road, Suite 403-B, Wilmington, DE 19805.

5. This Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6. Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

## VENUE

7. On information and belief, venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant is deemed to be a resident of this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## COUNT I
### (INFRINGEMENT OF UNITED STATES PATENT NO. 9,300,723)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '723 Patent with sole rights to enforce the '723 Patent and sue infringers.

11. A copy of the '723 Patent, titled "Enabling social interactive wireless communications," is attached hereto as Exhibit A.

12. The '723 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Defendant has infringed and continues to infringe one or more claims, including

at least Claim 1 of the '723 Patent by making, using, and/or selling media systems covered by one or more claims of the '723 Patent. For example, Defendant makes, uses, and/or sells the Beaconstac Proximity marketing system, and any similar products ("Product"). Defendant has infringed and continues to infringe the '723 Patent in violation of 35 U.S.C. § 271.

14. Regarding Claim 1, the Product is configured to receive a media file (e.g. notification or offer) by a media terminal (e.g. smartphone) from a media node (e.g. cloud server) over a communication network (e.g. cloud network) through a communication link (cloud communication). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.




Source: https://www.beaconstac.com/

15. The Product includes at least one media terminal in an accessible relation to at

least one interactive computer network. For example, the Product detects a smartphone (at least one media terminal) in range of Bluetooth Low Energy (BLE) signals. The app can detect beacons provided by the Product. Once detected, the Product's app, residing on the smartphone, connects the smartphone to a cloud server through a cloud connection (interactive computer network). Certain aspects of this element are illustrated in the screenshots below and/or in those provided in connection with other allegations herein.



Source: https://www.beaconstac.com/beacon-marketing

16. The Product includes a wireless range structured to permit authorized access to said at least one interactive computer network. For example, when a smartphone (media terminal) detects a beacon through BLE signals, the detection is accomplished within a range

to permit the connection of the smartphone with the cloud server through cloud connection (interactive computer network). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

> Beacons deployed in stores, airports and other business locations continuously transmit Bluetooth Low Energy signals in its range. The beacon range is calibrated as per the use case. It ranges from 10m to 300m. Beacon-powered apps are capable of scanning these Low Energy signals. Once these apps detect the beacon signal, it finds the ID attached to the signal. The smartphone refers to the cloud server using the ID and fetches the action linked to it. This action could be notifying users about a deal, a feedback form or the business website. These notifications are rich in-app notifications that open up a campaign - a markdown card, a form or a website.

Source: https://www.beaconstac.com/beacon-marketing

17. The Product includes at least one media node disposable within said wireless range, wherein said at least one media node is detectable by said at least one media terminal. For example, the media node (include the beacons and/or cloud server) sends out continuous signals, which are detected by an app residing on the smartphone (media terminal). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



Source: https://www.beaconstac.com/google-nearby-alternative-nearbee
Source: https://www.beaconstac.com/beacon-marketing

18. The Product includes at least one digital media file initially disposed on at least one of said at least one media terminal or said at least one media node, said at least one media terminal being structured to detect said at least one media node disposed within said wireless range. For example, marketers can store promotional information within the cloud server (media node) which is pushed to the media terminal (smartphone) when the app residing within the smartphone (media terminal) detects the beacons/server through BLE signals when within a specific range (wireless range). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

Campaigns are as effective as their landing pages. With Beaconstac's platform, you can create quick landing pages, which we call markdown cards. You could use one of the pre-designed templates or build from scratch - neither of them requires a developer. The platform also lets you create beautiful and fully functional forms for collecting feedback from your customers. If you already have a social media campaign or a campaign website that you want to direct users to, you could do that as well.



Source: https://www.beaconstac.com/beacon-marketing

Beacons deployed in stores, airports and other business locations continuously transmit Bluetooth Low Energy signals in its range. The beacon range is calibrated as per the use case. It ranges from 10m to 300m. Beacon-powered apps are capable of scanning these Low Energy signals. Once these apps detect the beacon signal, it finds the ID attached to the signal. The smartphone refers to the cloud server using the ID and fetches the action linked to it. This action could be notifying users about a deal, a feedback form or the business website. These notifications are rich in-app notifications that open up a campaign - a markdown card, a form or a website.

Source: https://www.beaconstac.com/beacon-marketing

19. The Product includes a communication link structured to dispose said at least one media terminal and said at least one media node in a communicative relation with one another via said at least one interactive computer network. For example, when the app within

the smartphone (media terminal) detects the presence of a beacon, it connects to a cloud server (media node) through a cloud network (interactive computer network). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



Source: https://www.beaconstac.com/beacon-marketing

20. The communication link is initiated by said at least one media terminal. For example, the cloud connection (communication link) in initiated by the smartphone (media terminal) when the app detects the beacon signal. Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.

> Beacons deployed in stores, airports and other business locations continuously transmit Bluetooth Low Energy signals in its range. The beacon range is calibrated as per the use case. It ranges from 10m to 300m. Beacon-powered apps are capable of scanning these Low Energy signals. Once these apps detect the beacon signal, it finds the ID attached to the signal. The smartphone refers to the cloud server using the ID and fetches the action linked to it. This action could be notifying users about a deal, a feedback form or the business website. These notifications are rich in-app notifications that open up a campaign - a markdown card, a form or a website.

Source: https://www.beaconstac.com/beacon-marketing

21.  The at least one media node and said at least one media terminal are structured to transmit said at least one digital media file therebetween via said communication link.  For example, when the cloud server (media node) receives an ID number sent by the smartphone (media terminal) after the app within the smartphone (media terminal) detects a beacon, the cloud server (media node) sends out the promotional information (digital media file) to be displayed on the smartphone (media terminal). Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.



Source: https://www.beaconstac.com/beacon-marketing

22.     The communication link is structured to bypass at least one media terminal security measure for a limited permissible use of the communication link by the media node to only transferring the at least one digital media file to, and displaying the at least one digital media file on, the at least one media terminal.  For example, the communication link (cloud communication) is structured so that it has the ability to display the promotional information (digital media file) associated with a specific beacon that triggers it on the smartphone (media terminal). Also, the promotional material/notifications (digital media file) are pushed to be displayed on the smartphone (media terminal) when the app is installed.  Thus, no connection request needs to be made (i.e., bypassing a security measure of media terminal such as a lock status of smartphone) to the media node (cloud server).  The user of the app chooses when notifications are shown.  Certain aspects of this element are illustrated in the screenshots below and/or those provided in connection with other allegations herein.





Source: https://www.beaconstac.com/beacon-marketing
Source: https://www.beaconstac.com/proximity-marketing
Source: Actual usage

23. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

24. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

25. Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent No. 9,300,723 (or, in the alternative, awarding Plaintiff running royalties from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: September 22, 2020                                    Respectfully submitted,

                                                */s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**